_____

No. 95-3477

_____

St. Paul-Ramsey Medical       *
Center, Inc.,                 *
                              *
     Plaintiff-Appellant,     *
                              *
                              *  Appeal from the United States
     v.                       *  District Court for the
                              *  District of Minnesota
Donna E. Shalala, Secretary,  *
Department of Health and      *    [PUBLISHED]
Human Services,               *
                              *
     Defendant-Appellee.      *

                         _____

          Submitted:  June 14, 1996

            Filed:  July 26, 1996
                         _____

Before LOKEN, ROSS, and HANSEN, Circuit Judges.
                         _____


PER CURIAM.


      Under the Medicare program, a teaching hospital's graduate medical
education ("GME") costs are reimbursable or "allowable" costs.  A 1986
statute changed the reimbursement methodology.  To establish a base year
for the new methodology, Congress directed the Secretary of Health and
Human Services to "determine, for the hospital's cost reporting period that
began during fiscal year 1984, the average amount recognized as reasonable
under this subchapter . . . for each full-time-equivalent resident."  42
U.S.C. § 1395ww(h)(2)(A).  By the time the Secretary promulgated
regulations implementing this directive in 1989, the three-year reopening
period for finally determining 1984 GME costs under the prior regime had
expired for most hospitals.  The Secretary's regulations nonetheless
authorize reauditing a hospital's 1984 base

year GME costs so as to exclude "nonallowable or misclassified costs." 42 C.F.R. § 413.86(e)(1)(ii)(B); see 53 Fed. Reg. 36,589, 36,591-92 (1988).

As a result of this reaudit process, St. Paul-Ramsey Medical Center's base-year allowable GME costs were reduced from $9,892,644 to $5,494,955. Because the 1984 reimbursement year is closed, St. Paul-Ramsey need not refund any 1984 reimbursements because of this reaudit. But St. Paul-Ramsey has been and will be adversely affected in subsequent years as a result of having its base year GME costs significantly reduced for purposes of applying the new reimbursement methodology. Therefore, like other adversely affected teaching hospitals around the country, St. Paul-Ramsey commenced this lawsuit, arguing not that its reaudit was flawed, but that the Secretary's reaudit regulations are invalid. The attack proceeds on three fronts -- the regulations contravene the plain meaning of the statutory phrase, "recognized as reasonable under this subchapter"; alternatively, if the statute is ambiguous, the Secretary's interpretation is "patently unreasonable"; finally, the regulations violate the presumption against retroactivity.

These contentions were thoroughly considered and rejected by the District of Columbia Circuit in Administrators of Tulane Educ. Fund v. Shalala, 987 F.2d 790 (D.C. Cir. 1993), cert. denied, 114 S. Ct. 740 (1994). Accord The Toledo Hosp. v. Shalala, No. 3:94cv7080 (N.D. Ohio June 23, 1995), appeal pending, No. 95-3858 (6th Cir.). After carefully considering the parties' briefs and arguments and the legislative history of these complex statutes and regulations, we agree with the district court[1] that the Secretary's reaudit regulations must be upheld for the reasons persuasively stated by the D.C. Circuit in Tulane. The statute is ambiguous, and the reaudit regulations are not an exercise in retroactive

---

[1]The HONORABLE RICHARD H. KYLE, United States District Judge for the District of Minnesota.

-2-

rulemaking. While it would have been far preferable had the Secretary promulgated the reaudit regulations during the three-year reopening period governing 1984 reimbursements, the substance of the regulations is clearly reasonable. As the court said in <u>Tulane</u>, 987 F.2d at 797, "The agency's belief that Congress would resist permanently ingraining misclassified and nonallowable costs in future reimbursements to health care providers can hardly be deemed unreasonable or inconsistent with the congressional purpose of erecting a new and more accurate reimbursement methodology."

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.